UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLY HELMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3298 |
| | § | |
| MORTGAGE ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court are defendants' motions to dismiss (Dkts. 4, 6), and plaintiff's application for preliminary injunction (Dkts. 10, 13). Upon consideration of the motions, the responses, the evidence and argument presented at the oral hearing on the preliminary injunction, and the applicable law, defendants' motion to dismiss (Dkt. 4) is GRANTED. All remaining pending motions are, therefore DENIED AS MOOT.

### BACKGROUND

Plaintiff Holly Helms was given a home loan by Countrywide KB Home Loans, a Countrywide Mortgage Ventures, LLC Series ("Countrywide") on the property at issue in this case. To secure the loan, Helms signed a promissory note and deed of trust. Mortgage Electronic Registration Systems, Inc. ("MERS") was a beneficiary on the deed of trust. The deed of trust granted MERS, *inter alia*, the right (as nominee for Lender and Lender's successors and assigns) to exercise any or all of Lender's interests, including the right to foreclose. MERS, as nominee for Countrywide, assigned both the note and the deed of trust to BAC Home Loans Servicing, LP

formerly known as Countrywide Home Loans Servicing ("BAC").[1] Defendant Bank of America, N.A. is the successor by merger to BAC.

At some point in 2008 or 2009, Helms defaulted through non-payment on the loan. In December 2009, Bank of America began but did not complete foreclosure proceedings. Despite some reported negotiations regarding a loan modification, no modification agreement was ever completed. Although the parties dispute the number of missed payments, Helms admits that she is at least 14 payments behind at this point. Bank of America contends that when PMI and negative escrow balances are included, Helms has not made a payment on the loan since 2008. In any case, Bank of America foreclosed upon the property and, the property was purchased by Fannie Mae at the substitute trustee's non-judicial sale. Helms, however, has remained living in the property.

In response to Bank of America's attempts to remove her from the property, Helms filed pro se an original petition in Montgomery County. Defendants removed to this court. Although Helms appears to claim only wrongful foreclosure, her petition could be construed also to allege violations of the Fair Debt Collection Practices Act.[2] Defendants now move for dismissal of all Helms' claims. In the alternative defendants move for a more definite statement.

## ANALYSIS

**1.   Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

---

[1]Since the assignment is a publically recorded document, the court takes judicial notice of the assignment pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

[2]Courts must liberally construe the pleadings of pro se litigants. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Defendants also suggest that Helms alleged a claim for violations of the Texas Deceptive Trade Practices Act. The court does not find the basis for that claim even under the liberal standard of pleading granted to pro se litigants. Therefore, the claim is not addressed here.

the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007) (citations omitted)).

**2.      Wrongful Foreclosure**

The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex.App.–Houston [14th Dist.] 1989, writ denied). A wrongful foreclosure claim does not always require proof of a grossly inadequate selling price if another substantive injury to the mortgagor exists. *Id.* Under Texas law, " a deed of trust is a mortgage with a power to sell on default." *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex.App.–Austin 1996, no writ) (internal quotation omitted). Mortgages, and therefore deeds of trust, are construed like contracts. *Id.* at 351–52. "Further, '[t]he note and deed of trust on . . . property should be construed together and effectively regarded as one instrument.'" *Id.* (quoting *Chapa v. Herbster*, 653 S.W.2d 594, 600 (Tex.App.–Tyler 1983, no writ)).

The court construes Helms' arguments to revolve around the ability of MERS to assign the note and the deed of trust. Because, she argues, the assignments were invalid, the note and the deed of trust became "bifurcated," in effect splitting the lien on the property away from the loan. As a result, Helms asserts that the previously secured loan became unsecured, extinguishing the right of foreclosure under the deed of trust. She offers no authority for her "bifurcation" theory and the court has found none.

Arguably, MERS had the right to assign the note to BAC. Texas law dictates that the note and deed of trust should be construed as a single document. The deed of trust expressly grants to MERS, as nominee for the lender (or note holder), all rights the lender had under the deed of trust. It would follow that since the documents are construed as a single document, MERS likely had the right to assign the note.

However, even if the note and the deed of trust became somehow separated, that does not affect the rights of the lien-creditor to foreclose based on the deed of trust. Well-established Texas law allows suit to be brought on the nonpayment of the note separate from suit for foreclosure of the lien without precluding a later suit for foreclosure. *Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 746 (Tex.App.–Austin 2010, pet. denied) (citing *Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (1935)). "When a debt is memorialized by a note that is secured by a lien, the note and lien constitute separate obligations." *Id.* at 747. The holder of a note and the lien-creditor hold different rights, may act at different times, and need not be the same entity. *Id.*; *see also Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165–66 (Tex.App.–Eastland 2010, pet denied) (recognizing a nominee's authority under a deed of trust to authorize a mortgage servicer to proceed with a non-judicial foreclosure sale). MERS expressly held all rights of the Lender on the deed of trust,

4

including the right to assign it. Accordingly, the "bifurcation" premise that is the basis of Helms' argument fails.

**3.      Fair Debt Collection Practices Act claim**

Helms also alleges that because she received no notice regarding the change in loan servicer, defendants have violated the Fair Debt Collection Practices Act. However, the deed of trust expressly provides that

> [t]he Note . . . (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note . . . . If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing.

According to the plaintiff's allegations, she received a statement from BAC telling her to forward all payments to it in future and presumably giving her the information on how and where to send the payments. Therefore, BAC complied with the agreement and the notice required. Helms alleges no other conduct that would be a violation of the Act. Accordingly her claim fails.

## CONCLUSION

Pending before the court are defendants' motions to dismiss (Dkts. 4, 6), and plaintiff's application for preliminary injunction (Dkts. 10, 13). Defendants' motion to dismiss (Dkt. 4) is GRANTED. Helms' claims are DISMISSED with prejudice. The remaining pending motions are DISMISSED AS MOOT. This is a FINAL JUDGMENT.

It is so ORDERED.

Signed at Houston, Texas on January 9, 2012.

_____
Gray H. Miller
United States District Judge